PER CURIAM.
This disciplinary proceeding is before the Court on the complaint of The Florida Bar and the report of the referee. We have jurisdiction. Art. V, § 15, Fla. Const. Neither The Florida Bar nor the respondent, Robert M. Segal, has filed a petition for review.
The Florida Bar filed a complaint against respondent, charging failure to attend to a legal matter entrusted to him, failure to carry out a contract of employment, and failure to pay promptly to the client funds belonging to the client. Respondent filed no answer and failed to respond to the Bar’s request for admissions. Respondent made no appearance before the Bar Grievance Committee or before the referee.
The referee made the following recommendations:
RECOMMENDATIONS CONCERNING - GUILT OR INNOCENCE:
Based upon the foregoing findings of fact, I recommend that Robert M. Segal be found guilty of the following violations of his Oath as an attorney, The Integration Rules of the Code of Professional Responsibility:
1.6-101A(3) — by neglecting a legal matter entrusted to him by his client. 2. 7-101A(2) — by failing to carry out a contract of employment entered into with a client for professional services.
3. 9-102(B)(4) — by failing to pay promptly to the client as requested the funds and documents in the possession of the respondent which the client was entitled to receive.
RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED:
I recommend that the respondent be suspended for a fixed period of twelve months, thereafter until he shall prove his rehabilitation and for an indefinite period until he shall pay the costs of this proceeding and make restitution to his client in the amount of $500.00 as provided in Rule 11.10(4).
The referee also recommended that respondent be taxed for all costs relating to this matter incurred by the Bar, currently itemized at $503.00.
We approve the findings and recommendation of the referee and adopt the same as the judgment of this Court.
Respondent is suspended from the practice of law for a period of twelve months, and thereafter till he has proved his rehabilitation and has made restitution to the client and paid the costs of these proceedings. The twelve-month suspension shall be effective January 15, 1984, thereby giving respondent time to close out his practice and to protect his clients, and it is ordered that respondent shall not accept any new clients.
It is so ordered.
ADKINS, Acting C.J., and OVERTON, EHRLICH and SHAW, JJ., concur.
BOYD, J., concurring in part and dissenting in part with an opinion.